## SUPREME COURT.

### TITUS agt. O'CONNOR.

*Evidence — When party may testify in his own behalf as to interview with a deceased person — Code of Civil Procedure, section 829.*

Plaintiff sued defendant for an accounting as to proceeds of a farm which had been leased under an oral agreement, in 1873, by plaintiff's husband to the defendant. Plaintiff's husband having died in 1874, leaving a will, by which he devised the farm and personalty thereon to plaintiff, whom he appointed his executrix, plaintiff made a new oral agreement with defendant, terms of which were not expressed, except by reference to the previous agreement between plaintiff's testator and defendant. Plaintiff sues in her individual capacity and not as executrix :

*Held,* that evidence by the defendant, personally, as to interviews between him and plaintiff's testator at which the original agreement was made, is admissible.

Evidence of the contract thus adopted is essential to show the contract actually made by the plaintiff, but it would neither prove nor disprove any claim which the plaintiff has derived from or through her deceased husband. No claim of that kind is involved in the action. The Code of Civil Procedure has no application to such a case.

*Second Department, General Term, May,* 1879.

PLAINTIFF sued defendant for an accounting as to proceeds of a farm on Long Island which had been leased, under an oral agreement, in 1873, by plaintiff's husband to the defendant, for one year, or longer, at option of the parties. Plaintiff's husband having died in 1874, leaving a will, by which he devised the farm and personalty thereon to plaintiff, whom he appointed his executrix, plaintiff made a new oral agreement with defendant, the terms of which were not expressed, except by reference to the previous agreement between plaintiff's testator and defendant.

On the trial below, the referee excluded all evidence by the defendant, personally, as to interviews between him and

plaintiff's testator at which the original agreement was made. To this exclusion defendant excepted.

*W. H. Onderdonk*, for respondent.

*Daniel Daly*, for appellant.

GILBERT, *J.*— We think that the referee erred in excluding the testimony of the defendant as to the terms of the contract between him and the plaintiff's deceased husband, Robert W. Titus. The plaintiff sues in her individual capacity and not as executrix of her deceased husband. The contract which she seeks to have enforced was made with her after her husband's death.

Both parties testified that the agreement between them was that the defendant should work the farm on the same terms as he had worked it under the agreement with the plaintiff's husband. That was a virtual agreement. The Code of Civil Procedure has no application to such a case, for the reason that the action does not affect any title or interest which the plaintiff has derived from, through or under her deceased husband. Her title to, or interest in, the subject-matter in controversy is derived from the contract between her and the defendant. It has, in no sense, come to her by succession from her deceased husband. By his will the ownership of the property embraced in the contract was transferred to her, but the contract has no relation to such ownership, but is limited to the management of the property only. The reference in that contract to the previous one between the defendant and the deceased simply adopts the latter and makes it a part of the former. Evidence of the contract thus adopted is essential to show the contract actually made by the plaintiff, but it would neither prove nor disprove any claim which the plaintiff has derived from or through the deceased husband. No claim of that kind is involved in the action.

This error being decisive of the case, we need not discuss

other exceptions raised upon the trial. The judgment must be reversed, the order vacated and a new trial granted with costs to abide the event.